IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PAULA QUINTANA CORNEJO,<br><br>        Debtor.<br>_____<br><br>STREAMLIGHT, INC.,<br><br>        Plaintiff,<br>v.<br><br>PAULA QUINTANA CORNEJO<br><br>        Defendants. | Chapter 7<br><br>Case No. 4-04-bk-06129-EWH<br><br><br><br><br>Adv. No. 05-0129<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

A hearing was held to consider the Debtor's Motion to Dismiss, asserting that the complaint was not timely filed under Rule 4007. After review of the pleadings and the law, I have concluded that an objection to discharge timely filed by the Plaintiff in the administrative case was sufficient to serve as a complaint in this adversary proceeding. Furthermore, the complaint can relate back to that objection. Therefore, the Debtor's Motion to Dismiss is denied. The reasons for my conclusion are set forth in more detail below.

## FACTS AND PROCEDURAL HISTORY

Debtor Paula Cornejo ("Debtor") filed a Chapter 7 petition on December 8, 2004. The § 341 meeting of creditors was held on February 8, 2005. The 60-day deadline for filing objections or exceptions to discharge was April 11, 2005. See Rule 4007(c). Prior to that deadline, Streamlight conducted a Rule 2004 examination of the Debtor. Based on the results of that examination, Streamlight filed an Objection to Discharge of Debtor ("Objection") on April 7, 2005, citing § 727(a) as the basis for why the Debtor should not be granted a discharge. After realizing that the Objection needed to be in complaint form and filed as an adversary proceeding, Streamlight filed a Complaint Objecting to Discharge of Debtor ("Complaint") on April 15, 2005, four days past the Rule 4007(c) 60-day deadline.

On June 9, 2005, the Debtor filed a Rule 12(b) Motion to Dismiss the Complaint ("Motion to Dismiss"), claiming that this court lacked jurisdiction because the Complaint was untimely filed. The Debtor noted that Streamlight had notice of the deadline to file an adversary complaint under § 727 and § 523 because it received the Notice of Meeting of Creditors, which set out those deadlines.

On July 26, 2005, I held a hearing on the Motion to Dismiss. Before taking this matter under advisement, I set a briefing schedule to give the parties an opportunity to brief the issue of whether the timely filed Objection could be treated as an adversary complaint. On September 14, 2005, counsel for Streamlight filed a Response to Motion to Dismiss

2

and Cross-Motion to Allow Complaint to Relate-Back. There was no additional response filed by the Debtor. The matter is now ready for decision.

## ISSUES

A. Was the Complaint timely filed as required by Rule 4007(c)?

B. Did the Objection, pursuant to Rule 7008(a), substantially comply with the requirements of a complaint, by giving the Debtor fair notice of Streamlight's claim and the basis for the claim?

C. Does the Complaint as filed relate back to the Objection and serve as a properly amended pleading under Rule 7015(c)?

## JURISDICTION

The court has jurisdiction over the Complaint under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409(a).

## DISCUSSION

A. Timeliness of Complaints under Rule 4004.

Filing of complaints seeking a denial of a discharge is governed by Rule 4004. Specifically, Rule 4004(a) provides that:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Bankruptcy Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

3

In the present case, the deadline for filing objections or exceptions to discharge was April 11, 2005. Streamlight filed its Complaint on April 15, four days after the deadline. Therefore, the Complaint was not timely filed.

B. <u>Rule 7008 and General Rules of Pleading in Adversary Proceedings</u>

Courts have closely examined whether pleadings in non-complaint form may nevertheless be treated as a complaint in an adversary proceeding. Bankruptcy Rule 7008(a) provides that FRCP 8(a) applies to adversary proceedings.[1] The 9th Circuit court has examined the sufficiency of pleadings and held that "[i]n the bankruptcy context, we construe a deficient pleading liberally, if the pleading substantially complies with the requirements of a complaint by giving the debtor 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" In re Markus, 313 F.3d 1146, 1149-50, (9th Cir. BAP 2002) (quoting Dominguez v. Miller, 51 F.3d 1502, 1508 (9th Cir. 1995).

In the present case, Streamlight filed the Objection in the administrative case, citing § 727 provisions as the basis for denying the discharge. Specifically, Streamlight claimed that the Debtor kept little to no business records in violation of § 727(a)(2) and (3), submitted fraudulent information on an application to obtain credit under § 727(a)(4), and failed to satisfactorily show disposition of inventory that Streamlight had delivered to Debtor under § 727(a)(5). The Objection was filed on April 7, 2005, and was therefore timely.

---

[1] Federal Rules of Civil Procedure (FRCP) 8a - General Rules of Pleading - Claims for Relief - A pleading which sets forth a claim for relief...shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks...

4

Furthermore, the Objection was properly served on the Debtor. The Debtor responded by filing its own objection, arguing that because the Objection was filed in the administrative case it was procedurally improper. Thereafter, Streamlight's counsel attempted to remedy the situation and filed its Complaint on April 15, 2005, four days after the deadline.

Although a chapter 11 case, the 9th Circuit has dealt with similar issues as found in the present case. See In re Dominguez, 51 F.3d 1502 (9th Cir. 1995). In Dominguez, creditors submitted a discharge memorandum challenging the dischargeability of their claim, citing the findings in an examiner's report, and proposed that the debtor's plan should not be confirmed. Id. at 1505. The Dominguez court held found that the discharge memorandum, although a procedurally deficient pleading, was sufficient to place the debtor on notice of the allegations against him and substantially complied with Rule 7008 notice pleading requirements. Id. at 1509.

In the present case, the Objection filed in the administrative case prompted Debtor's counsel to object, therefore the Debtor had notice of Streamlight's claims. Further, the Objection is almost identical to the Complaint filed a few days later - it contains the same claims, and cites to the same § 727 provisions. Therefore, Streamlight's Complaint was a sufficient pleading under Rule 7008.

Additionally, the 9th Circuit in Dominguez was persuaded by decisions in other bankruptcy courts, including one chapter 7 case, where the court found "technical details insufficient to prevent a party's deficient pleading from serving as a complaint." 51 F.3d at 1509. See also In re Rand, 144 B.R. 253, Bankr. S.D.N.Y. 1992 (finding that creditor's pro

se complaint, which consisted of a letter to the judge objecting to dischargeability, timely commenced an adversary proceeding because it met the notice pleading requirements).

C. Relation-back of a Complaint under Rule 7015(c)

Streamlight also asked the court to allow its Complaint as timely filed pursuant to Rule 7015(c), arguing that it relates back to the Objection. Rule 7015(c) allows amendment of a pleading to relate back to the date of the original pleading when the law or rule that sets the statute of limitations allows relation back or the claim asserted in the amended pleading arose out of the same conduct, transaction or occurrence set forth in the original pleading. The 9th Circuit in Dominguez also examined the relation back doctrine. The court found that a complaint would be allowed to relate back when it would likely have to be proved by the same kind of evidence offered in support of the original pleading. 51 F.3d at 1510. In the present case, the Complaint filed by Streamlight, is essentially identical in form and substance to the Objection. Therefore, the Complaint may relate back to the Objection.

## CONCLUSION

Streamlight filed the Objection in the administrative case, and a few days later, a Complaint was filed initiating this adversary proceeding. Although the Complaint was untimely filed, the timely filed Objection contained sufficient notice to the Debtor that Streamlight had objections under § 727 to the Debtor's discharge. Further, the Complaint can relate back to the Objection filed in the administrative case. Therefore, the Motion to Dismiss is denied. The foregoing constitute findings of fact and conclusions of law

6

required under Fed. R. Bankr. P. 7052. A separate order will be entered this date denying Debtor's Motion to Dismiss.

DATED this 21st day of November, 2005.

*[signature]*
EILEEN W. HOLLOWELL
United States Bankruptcy Judge

Copy of the foregoing mailed this
21 day of November, 2005, to:

Charles H. Whitehill
33 North Stone, Suite 2010
Tucson, AZ 85701-1415
Co-counsel for Plaintiff

Walter F. Wood
110 South Church Avenue, Suite 4398
Tucson, AZ 85701
Co-Counsel for Plaintiff

Alan R. Solot
Tilton & Solot
459 N. Granada Avenue
Tucson AZ 85701
Attorney for Debtor

Sharon Maxwell
Chapter 7 Trustee
177 North Church Avenue #625
Tucson AZ 85701

By *[signature]*
Judicial Assistant

7